IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                              No. CR 12-2654 RB

CODY LITTLE,

      Defendant.

**MEMORANDUM OPIONION AND ORDER**

**THIS MATTER** is before the Court on Defendant Cody Little's Opposed Motion to Exclude Irrelevant and Unfairly Prejudicial Information, and to Stipulate that the Firearms Were Stolen (Doc. 78). Having considered the submissions of counsel, relevant law, and being fully advised, the Court **DENIES** Defendant's motion.

    I.    Background

On October 25, 2011, Southwest Arms, a federal firearms licensee located in Lovington, New Mexico, was burglarized and seven firearms were stolen. (Doc. 1). Law enforcement officers received information indicating that Defendant was involved in the crime. (*Id*.) On November 1, 2011, investigating officers recovered two of the stolen firearms, a DPMS assault rifle and a Century International Arms shotgun, and ammunition in a well house where Defendant had stayed. (*Id*.) The other five firearms were not found on the property. (*Id*.) On November 2, 2011, LaCosta Blythe, a resident of the property where the well house was located, called the police to report that a third firearm, a Colt assault rifle, had been found on the property. (*Id*.) The Colt assault rifle was not stolen in the burglary. (*Id*.)

Defendant was initially charged with being a felon in possession of the two firearms and the ammunition found in the well house in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 12). Defendant moved to exclude evidence of the burglary as irrelevant and subject to exclusion under Federal Rule of Evidence 403. (Doc. 31). The Government opposed the motion on the ground that all information related to the investigation should be deemed admissible as *res gestae* evidence. (Doc. 42). The Court determined that the evidence was not relevant to the original charge and excluded evidence regarding the burglary of Southwest Arms and any mention of the fact that the firearms were stolen. (Doc. 51). The Court allowed the Government to introduce evidence that the police were investigating a firearms offense, that Defendant was implicated in that firearms offense, and that the police went to the residence in question as part of their ongoing investigation. (*Id.*) The matter was tried to a jury on March 11-12, 2013. After the jury was unable to reach a verdict, a mistrial was declared. (Doc. 68).

On March 27, 2013, the Government obtained a Superceding Indictment charging Defendant with: Count I - being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and aiding and abetting in violation of 18 U.S.C. § 2; and Count II - possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and aiding and abetting in violation of 18 U.S.C. § 2. (Doc. 72). Defendant filed the motion *sub judice*, asking the Court to order the Government not to present any evidence in its case-in-chief mentioning the burglary and the other stolen firearms and expressing his willingness to stipulate that the firearms were stolen. (Doc. 78) The Government opposes the motion on the ground that the evidence of the burglary is inextricably intertwined with the charged offenses, evidence of the uncharged firearms is relevant to explain the investigation and the immunity agreement with

Ms. Blythe, and Defendant offered evidence of the third firearm at the first trial. (Doc. 86). A second trial is set for May 20-22, 2013.

## II.     Discussion

The additional charge of possession of stolen firearms changes the fundamental calculus of this case because it requires the Government to prove that Defendant knew the firearms were stolen. The charge of possessing stolen firearms, in violation of 18 U.S.C. § 922(j), requires the Government to prove that Defendant: (1) knowingly possessed the charged firearms; (2) knew or had reasonable cause to believe that the firearms were stolen; and (3) the firearms traveled in interstate commerce. *See* Third Circuit Jury Instruction 6.18. Evidence of the burglary is necessary to show how Defendant knew the firearms were stolen. Defendant's proposed stipulation does not prove this element. *See United States v. Ford*, 613 F.3d 1263, 1267-68 (10th Cir. 2010) (holding that evidence of an uncharged crimes was inextricably intertwined with the charge of possession of stolen firearms because the evidence showed knowledge). Because evidence of the burglary tends to prove an element of the charge of possession of stolen firearms, it is inextricably intertwined with the charge.

Moreover, the Tenth Circuit has approved the use of *res gestae* evidence "when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by proving its immediate context or the *res gestae*." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995). Evidence concerning the number of firearms and the other circumstances of the burglary and investigation is admissible to paint a complete picture for the jury. "It is 'unquestionably true as a general matter,' that 'the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case

as the Government chooses to present it." *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) (quoting *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997)). The Government may to prove its case with evidence of the burglary.

*Res gestae* evidence is subject to Rule 403's balancing test. *Ford,* 613 F.3d at 1268. As a consequence, the evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. FED. R. EVID. 403. "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Leonard*, 439 F.3d 648, 652 (10th Cir. 2006) (citation omitted). As discussed above, evidence of the burglary is highly relevant to the element of knowledge contained in Count II. There is a risk of unfair prejudice because the jury might infer that Defendant was involved in the burglary and judge him based on the burglary rather than the charged offense. However, the high probative value is not substantially outweighed by the danger of unfair prejudice. Accordingly, evidence of the burglary and the investigation is admissible.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Opposed Motion to Exclude Irrelevant and Unfairly Prejudicial Information, and to Stipulate that the Firearms Were Stolen is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**