IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES,

    Plaintiff,

v.                                              No. CR 12-2654 RB

CODY LITTLE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    Both Defendant Cody Little and the Government objected to portions of the Defendant's presentencing report. Having reviewed the parties' submissions and arguments, the Court overrules the Defendant's objections in part and sustains the objections in part (Doc. 121). Similarly, the Court overrules the United States' objections in part and sustains the objections in part (Doc. 123).

    **I.    FACTUAL BACKGROUND**

    On October 25, 2011, seven firearms were stolen from Southwest Arms in Lovington, New Mexico. An agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives received an anonymous tip that Mr. Little committed the burglary. On November 1, 2011, officers searched Mr. Little's residence. The officers recovered two firearms during their search, a shotgun and an assault rifle. The two firearms matched guns stolen from Southwest Arms. One day after the officers conducted their sweep, the owner of Mr. Little's property produced a third gun that she claimed belonged to Defendant.

    After a jury trial, Mr. Little was convicted of one count of being a felon in possession of firearms, a violation of 18 U.S.C. § 922(g), and one count of possessing stolen firearms, a

violation of 18 U.S.C. § 922(j).  Mr. Little's convictions were based on his possession of ammunition and two firearms, namely the assault rifle and a shotgun.  (Superseding Indictment, Doc. 72.)

In the presentencing report, the probation officer determined that Mr. Little had a total offense level of 30 and a criminal history category of V.  (PSR ¶¶ 24, 39.)  To calculate the offense level, the probation officer started with a base offense level of 26, finding two of Mr. Little's prior convictions to be crimes of violence and his offense to include a semiautomatic weapon.  (PSR ¶ 15.)  Next, the probation officer added 2 points for possessing stolen firearms and two points for possessing three or more firearms.  (PSR ¶¶ 15-21.)

The Guideline range for a defendant with a total offense level of 30 and a criminal history of V is 151-188 months in prison.  However, the statutory maximum for both Count 1 and 2 is 120 months.  In light of this, the probation officer determined that the guideline imprisonment sentence should be 120 months.

In their briefing and at the hearing sentencing hearing, the Government and Mr. Little had several disputes over the presentencing report.  The Court held a hearing on December 18, 2014, and took the arguments under advisement.  After deciding the issues described below, the Court orally announced its sentence at a hearing on January 20, 2015.

**II.    DISCUSSION**

The Government and Mr. Little had five disputes over the presentencing report.  Mr. Little (1) objected to his base offense level calculation, arguing that his prior convictions could not be considered crimes of violence; (2) objected to the probation officer's decision to add two points to his offense level for possessing three guns; and (3) requested a variance down to 60 months based on his family history and personal characteristics.  (Doc. 121.)  In turn, the

Government opposed each of these points and raised two of its own objections. The Government argued that (1) Mr. Little's offense level should be increased by four points based on the robbery of Southwest Arms; and (2) Mr. Little's two counts of conviction should be stacked, not grouped, to determine the maximum sentence.

### A. Crimes of Violence

If a defendant has a previous conviction for a "crime of violence," the United States Sentencing Guidelines increases the defendant's base offense level. USSG § 2K2.1(a). To reach a base level offense of 26, (1) the defendant's offense must involve a "semiautomatic firearm that is capable of accepting a large capacity magazine" and (2) the defendant must have two prior convictions for a "crime of violence" or a controlled substance. USSG § 2k2.1(a)(1). Mr. Little does not challenge the semiautomatic firearm finding; he does contest the determination that he was previously convicted of crimes of violence. Mr. Little had several prior convictions, including two convictions for battery upon a police officer under New Mexico law. The probation officer concluded that these two prior convictions constituted crimes of violence.

Mr. Little argues that battery upon a peace officer under New Mexico law cannot serve as a predicate for this enhancement. (Doc. 121 at 3.) He cites to a Supreme Court case which held that a Florida battery conviction did not constitute a "violent felony" under the Armed Career Criminal Act because it did not include any element of violent force. *Johnson v. United States*, 559 U.S. 133, 138-39 (2010). Additionally, he relies on a Fourth Circuit holding that a Virginia assault statute could not constitute a "violent felony" because under Virginia case law, "[t]he slightest touching of another" could support a conviction. *United States v. Carthorne*, 726 F.3d 503, 513 (4th Cir. 2014). The Fourth Circuit reasoned that a slight touching was insufficient to constitute a crime of violence. *Id.*

Under the Sentencing Guidelines, a "crime of violence" is an offense that is punishable by more than one year imprisonment and:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a). The "otherwise involves" phrase in Section 4B1.2(a)(2) is called the "residual clause." The analysis of "crime of violence" under the Sentencing Guidelines is nearly identical to the analysis of "violent felony" under the Armed Career Criminal Act. *United States v. Martinez*, 602 F.3d 1166, 1173 (10th Cir. 2010) ("This language is very similar to the ACCA language defining the term *violent felony*. And we have looked to interpretations of the ACCA to guide our reading of § 4B1.2(a).").

To determine if a state offense is a crime of violence, the court must analyze the state statute and the state court's interpretations of the law. *See Johnson*, 559 U.S. at 138 ("We are, however, bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements of [a statute]."). The New Mexico battery on a peace officer statute states, "Battery upon a peace officer is the unlawful, intentional touching or application of force to the person of a peace officer while he is in the lawful discharge of his duties, when done in a rude, insolent or angry manner." N.M. Stat. Ann. § 30-22-24(a). While the statutory language is not conclusive, New Mexico case law reveals that this statute criminalizes a crime of violence.

Battery upon a police officer, codified in section 30-22-24, is a fourth degree felony punishable by eighteen months in prison. *State v. Padilla*, 937 P.2d 492, 493 (N.M. 1997). Looking at the seriousness of the sentence, the New Mexico Supreme Court determined that the

statute's felony sanctions were not aimed at "mere affronts to personal dignity," but criminal battery. *Id.* at 493-494. The New Mexico Supreme Court requires an "element of harm to the safety or authority of the officers." *Padilla*, 937 P.2d at 494. This element of harm can involve "actual injury, actual threat to safety, or meaningful challenge to authority." *Id.* at 494.

New Mexico's battery upon a police officer statute only criminalizes serious battery and assault. In comparison, New Mexico has a lesser statute that criminalizes resisting arrest. *See State v. Ford*, 157 P.3d 77, 83 (N.M. Ct. App. 2007). This lesser statute encompasses "lesser forms of resisting" such as spitting, while the battery statute requires more. *Id.*; *see also Padilla*, 937 P.2d at 493 (explaining that peace officer battery prohibits unlawful touching, not "rude conduct"). Mr. Little cited to several New Mexico cases where a defendant was convicted under the battery statute for relatively minor touchings, such as squirting baby oil or throwing urine. (Doc. At 4.) But in each case, the higher court reversed and remanded the case, demanding a showing that the battery caused actual injury, actual threat, or a meaningful challenge to authority. *See Padilla*, 937 P.2d at 493 (reversing and remanding conviction under battery statute for prisoner who squirted baby oil on prison guard); *State v. Jones*, 3 P.3d 142, 147 (holding that spitting or throwing urine on an officer could only violate the battery statute if it involved and actual threat to safety or a meaningful challenge to authority); *State v. Cooper*, 3 P.3d 149, 151 (reversing and remanding conviction under battery statute for slapping an officer's hand because there was no showing that the slap was a threat to the officer's safety or a meaningful challenge to his authority).

Battery upon a police officer has the potential to be hugely disruptive. As the Tenth Circuit explained, an assault and battery against a police officer—even if it is only a threat or a

challenge to an officer's authority—is a "crime of violence" because it has ramifications that assault and battery against an ordinary citizen might not:

> Failure to stop at the command of a police officer is sufficient to support enhancement under the ACCA because it "will typically lead to a confrontation with the officer being disobeyed" or "a chase or at least an effort by police to apprehend the perpetrator," which "increases the likelihood of serious harm to the officers involved as well as any bystanders."

*United States v. Smith*, 652 F.3d 1244, 1249 (10th Cir. 2011) (quoting *United States v. Williams*, 559 F.3d 1143, 1149 n.8 (10th Cir. 2009)).  In other words, a threat when made against a civilian may seem minor; the same threat, however, made against a police officer, could create serious safety concerns.  *See United States v. Williams*, 559 F.3d 1143, 1147 (10th Cir. 2009) (finding that battery and assault upon a police officer falls within the residual clause).

The elements of New Mexico's battery upon a police officer—involving an actual injury, actual threat, or meaningful challenge to authority—meet the requirement for a crime of violence in one of two ways.  First, New Mexico's "actual injury" requirement aligns with Sentencing Guideline 4B1.2(a)(1), which requires an element of force.  In parallel, the "actual threat to safety, or meaningful challenge to authority" aligns with the Sentencing Guideline's residual clause.  USSG § 4B1.2(a)(2) (defining "crime of violence" as an offense which "involves conduct that presents a serious potential risk of physical injury to another").  For that reason, New Mexico's battery upon a police officer statute can serve as a predicate for a crime of violence.  This is in accord with a recent Tenth Circuit decision affirming the Board of Immigration Appeals' analysis of this same statute.  *See Mata-Aguilar v. Holder*, 568 F. App'x 642 (10th Cir. 2014) (affirming that New Mexico's battery upon a police officer offense, as codified by section 30-22-24, is a "crime of violence" for the purposes of Section 16(b)).  Defendant's objection to his base offense level is overruled.

### B. Possession of Three Guns or More

Mr. Little argues that he should not receive a two-level enhancement for possessing three or more firearms. (Doc. 121 at 7.) At trial, Mr. Little was convicted of possessing only two firearms. (*Id.*) The Government argues that there is sufficient evidence to apply the two-level enhancement. First, the Government argues that the Court could find that Mr. Little owned the third gun the landowner produced after police had already performed a full evidentiary sweep. Alternatively, the Government argues that the Court could hold Mr. Little accountable for the burglary of Southwest Firearms. (Doc. 123 at 6.) If the Court held Mr. Little accountable for the burglary, by inference, Mr. Little would have possessed a total of seven firearms.

"Sentencing factors . . . can be proved to a judge at sentencing by a preponderance of the evidence." *United States v. O'Brien*, 560 U.S. 218, 224 (2010). In this case, the evidence presented at Mr. Little's trial was incomplete and shrouded by doubt. The Court is not convinced that the Government met its burden to prove this enhancement. The Court sustains Defendant's objection to the two-level enhancement.

### C. Variance Down

Mr. Little requests a downward variance to 60 months of imprisonment based on his difficult childhood and his history of addiction. (Doc. 121 at 8.) The Government opposes this 175-month downward variance. (Doc. 123 at 8.) While Mr. Little has encountered several tragedies and obstacles, the Court cannot ignore the problems that are still present in Mr. Little's life. Guns and drugs are a toxic combination. The longer, recommended sentence could provide Mr. Little with the time he needs to advance himself. The Court will impose a sentence within the Guideline's advisory range.

### D. Southwest Arms Robbery

The Government requests a four-level increase on the basis that Mr. Little "used or possessed any firearm or ammunition in connection with another felony offense . . . ." USSG § 2K2.1(b)(6).  To meet the factual requirement, the Government again asks the Court to find that Mr. Little committed the burglary of Southwest Firearms by a preponderance of the evidence. (Doc. 123 at 6.)  After considering the evidence presented at trial, the Court does not intend to find Mr. Little guilty of this crime at the sentencing phase.  The Government's objection to the four-level increase is overruled.

### E. Stacking Counts

The Government objects to the probation officer's determination that Mr. Little's Guideline imprisonment sentence is 120 months.  Based on Mr. Little's offense and criminal history, the Sentencing Guideline suggested a range of 151 to 188 months, however, the probation officer concluded that the Guideline Sentence was 120 months because that is the statutory maximum term for both counts of conviction.  (PSR ¶ 162.)  The Government relies on USSG § 5G1.2 for the proposition that, when there are multiple convictions, if the highest statutory maximum is less than the total punishment, then the sentences can run consecutively.  Here, the Court agrees that because Mr. Little's advisory Guideline sentence exceeds the statutory maximum, the Guidelines direct the Court to run the counts consecutively.

The Tenth Circuit considered the issue for a defendant convicted of conspiracy to kill a witness, attempting to kill a witness, and using a firearm in conjunction with a crime of violence. Usually, these counts of convictions would be grouped, however, that is not an absolute rule:

> [I]f the defendant has been convicted of several offenses, it is hardly unreasonable to stack the statutory sentences to reach a presumptively reasonable Guidelines sentence.  *See* USSG § 5G1.2(d) (providing for consecutive sentences to produce combined sentence equal to advisory Guidelines sentence).

*United States v. Ivory*, 532 F.3d 1095, 1107-08 (10th Cir. 2008). The Tenth Circuit noted that "a sentence within the Guidelines range is presumptively reasonable." *Id.* (quoting *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006)).

The reasoning applies to the situation here. The statutory maximum for both of Mr. Little's offenses is 10 years. Ordinarily, these two crimes would be grouped together for a maximum sentence of 120 months. However, the Sentencing Guidelines suggest a much higher sentence. As a result, the sentences can be stacked to reach a maximum range up to 240 months.

### III. CONCLUSION

The Court overruled Defendant's objection to his base level offense calculation, but sustained his objection to the two-level increase for possessing three of more firearms. Additionally, the Court overruled the Government's objection to the four-level increase for the robbery, but sustained the objection to determining the maximum sentencing range. The Court declines Defendant's request for a variance below the Guideline sentence.

Taking into account these readjustments, Defendant has a total offense level of 28 and a criminal history category of V. After stacking the two counts of conviction, the Guideline imprisonment sentence is 130-162 months. As to Counts 1 and 2 of the Superseding Indictment, Mr. Little is committed to the custody of the Bureau of Prisons for a term of 120 months per count. On Count 2, 30 months will run consecutively and 90 months will run concurrently to Count 1. In sum, Mr. Little is committed to the custody of the Bureau of Prisons for a term of 150 months. The Defendant must also comply with other conditions and terms of release, as detailed in his Judgment.

**THEREFORE**,

**IT IS ORDERED** that:

(1) Defendant's objections to the PSR (Doc. 121) are **OVERRULED** in part and **SUSTAINED** in part; and

(2) The United States' objections to the PSR (Doc. 123) are **OVERRULED** in part and **SUSTAINED** in part.

*/s/ Robert C. Brack*
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**